UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAZALE ASHBY, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:13-cv-223 (SRU) |
| : | |
| LEO ARNONE, et al., : | |
|     Defendants. : | |

INITIAL REVIEW ORDER

The plaintiff,[1] Lazale Ashby, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed this action *pro se* pursuant to 42 U.S.C. § 1983 (2000). He names as defendants Leo Arnone, James Dzurenda, Anthony Bruno, M. Rinaldi, Eduardo Maldonado, Cyr, Mulligan, Bernd and Angel Quiros.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the

---

[1] In the body of the complaint, inmate Daniel Webb is included as a plaintiff. Inmate Webb's name is not included in the case caption and he has not signed the complaint. There are no allegations relating to inmate Webb. Accordingly, the court does not consider inmate Webb to be a plaintiff in this case.

claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Ashby alleges that, between December 27, 2011, and September 25, 2012, he wrote numerous requests regarding his religious dietary needs, religious wardrobe and materials. He received no responses. Ashby submitted institutional grievances regarding the lack of response. The grievances were not answered. Ashby wrote a letter to defendant Arnone complaining of the lack of response to his requests and grievances regarding his religious requirements. Defendant Dzurenda responded to Ashby's many letters, telling Ashby to seek resolution through the appropriate chain of command.

On October 22, 2012, defendant Bruno responded to Ashby and told him to choose between the regular diet or the common fare diet. Ashby then filed a second set of grievances and request forms. On October 31, 2012, Ashby gave defendant Bernd a completed form changing his religious affiliation. Ashby continued writing letters to the defendants to obtain religious materials and a diet that comports with his religious requirements and submitted a proposed menu. The grievances were denied. Ashby began refusing all meals he determined not in compliance with his religious requirements.

Ashby contends that the failure to accommodate his religious requirements has violated

his rights to freely exercise his religion, be free from cruel and unusual punishment and equal protection of the laws.  He also asserts claims for violation of the Americans with Disabilities Act, the Rehabilitation Act, the Religious Freedom Restoration Act and the Religious Land Use and Institutionalized Persons Act.

Ashby asserts a claim for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Similarly, the RA prohibits discrimination "solely by reason of her or his disability."  29 U.S.C. § 794(a).  Ashby has not identified any disability and alleges no fact from which the court could infer that he suffers from a disability.  Thus, he fails to state a plausible claim for denial of any rights under the ADA or RA.  These claims are dismissed pursuant to 28 U.S.C. § 1915A.

The Supreme Court has held that the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, et seq., is unconstitutional as applied to state and local governments.  *See City of Boerne v. Flores*, 521 U.S. 507, 511 (1997).  The defendants are all state employees.  Accordingly, any RFRA claim is dismissed pursuant to 28 U.S.C. § 1915A as lacking an arguable legal basis.

The claims under the Constitution and the Religious Land Use and Institutionalized Persons Act regarding denial of religious diet and materials will proceed.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1)     The claims under the ADA, RA and RFRA are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)     The **Clerk shall** verify the current work addresses for each defendant with the Department of Correction Office of Legal Affairs, and mail waiver of service of process request packets to them at their confirmed addresses within **fourteen (14) days** of this Order.  The Clerk shall report to the court on the status of the waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The **Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshals Service.  The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **fourteen (14) days** from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(4)     The **Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be

completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff **MUST** notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** this 25th day of April 2013, at Bridgeport, Connecticut.

　　　　　　　　　　　　　　　　　　　　 /s/ Stefan R. Underhill
　　　　　　　　　　　　　　　　　　　　Stefan R. Underhill
　　　　　　　　　　　　　　　　　　　　United States District Judge