UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAZALE ASHBY,
PLAINTIFF,

CIVIL NO. 3:13-CV-00223 (SRU)

VS.

LEO ARNONE, ET AL.
DEFENDANTS

AUGUST 16, 2013

PLAINTIFF'S MOTION IN OPPOSITION OF DEFENDANTS MOTION TO SET ASIDE THE PLAINTIFF'S DEFAULT ENTRY.

I LAZALE D. ASHBY, PLAINTIFF AM SEEKING TO HAVE YOUR HONOR RULE IN FAVOR OF THE PLAINTIFF AND DENY THE DEFENDANTS MOTION TO SET ASIDE THE ENTRY OF THE DEFAULT FILED BY THE DEFENDANTS ON AUGUST 8, 2013 FOR THE FOLLOWING REASONS:

1. THE HONORABLE JUDGE STEFAN R. UNDERHILL ORDERED ON THE APRIL 25, 2013 THAT THE DEFENDANTS FILE THEIR RESPONSE TO THE PLAINTIFF'S COMPLAINT, EITHER BY AN ANSWER OR MOTION TO DISMISS WITHIN SEVENTY (70) DAYS FROM THE DATE OF APRIL 25, 2013. (SEE DOCUMENT 8, PG4: INITIAL REVIEW ORDER)

1

THE DEFENDANTS WERE AWARE THAT THEY WERE ORDERED BY A U.S. DISTRICT COURT JUDGE TO FILE AN ANSWER OR MOTION TO DISMISS. THEY KNEW THIS NEEDED TO BE FILED BY THE DATE OF JULY 5, 2013 (SEE DOCUMENT TITLED 3:13-CV-00223 (SRU) ASHBY V. ARNONE ET AL INITIAL REVIEW ORDER: E-FILE). DUE TO THE DEFENDANTS FAILURE TO ADHERE TO THE JUDGES ORDERS, THE PLAINTIFF ALLEGES THAT THE DEFENDANTS WILLFULLY AND ADVERTENTLY IGNORED THE JUDGES ORDERS, THE RULES SET FORTH IN THE F.R.C.P. RULE 12, AND THE LAW OF 42 U.S.C. § 1997E(G)(2).("THE COURT MAY REQUIRE ANY DEFENDANT TO REPLY TO A COMPLAINT BROUGHT UNDER THIS SECTION IF IT FINDS THAT THE PLAINTIFF HAS A REASONABLE OPPORTUNITY TO PREVAIL ON THE MERITS"). EVEN IF DEFENDANTS WERE NOT ABLE TO REPRESENT THEMSELVES IN THIS CIVIL MATTER, THEY WERE RESPONSIBLE FOR FINDING AN ATTORNEY TO REPRESENT THEM).

2. THE HONORABLE JUDGE STEFAN R. UNDERHILL ORDERED ON APRIL 25, 2013 THAT THE U.S. MARSHAL SERVE THE DEFENDANTS, AND THE DEFENDANTS WERE SERVED AT THE ADDRESS OF THE ATTORNEY GENERALS OFFICE, 55 ELM

ST, HARTFORD, CT 06114 (SEE DOCUMENTS 8, INITIAL REVIEW ORDER; E-FILE TITLED USM PAPERS SENT; E-FILE TITLED REQUEST FOR WAIVER OF SERVICE).

THE DEFENDANTS WAIVED SERVICE (SEE DOCUMENTS 10-16, AND THE USM-285 FORM).

THE DEFENDANTS WERE SERVED BY A U.S. MARSHAL AND THE DEFENDANTS RETURNED THEIR SERVICE WAIVERS BY THE DATE OF JUNE 19, 2013. THE INDIVIDUAL SERVED WAS PERRY ZINN, AS REPRESENTS ON THE USM-285 FORM.

ONCE THE DEFENDANTS WAIVED SERVICE, THE PLAINTIFF ALLEGES THAT THE DEFENDANTS HAD A REASONABLY GENEROUS AMOUNT OF TIME TO FILE AN ANSWER OR MOTION TO DISMISS AS ORDER BY THE JUDGE. IF THEY COULD NOT MEET THE TIME GIVEN BY COURT, THE DEFENDANTS HAD A REASONABLY GENEROUS AMOUNT OF TIME TO MAKE THE COURT AWARE OF ANY "HINDERING ISSUES" AND GIVE THE COURT THE OPPORTUNITY TO GRANT OR DENY AN EXTENSION OF TIME.

THE PLAINTIFF ALSO ALLEGES THAT AFTER THE DEFENDANTS WAIVED SERVICE, THE ATTORNEY GENERALS OFFICE WERE RESPONSIBLE FOR REPRESENTING THE DEFENDANTS AND PROVIDING THE DEFENDANTS WITH COUNSEL IN THIS CIVIL MATTER. THE ATTORNEY GENERAL'S OFFICE WERE AWARE OF ALL OF THE JUDGES ORDERS AS THEY WERE GIVEN A COPY OF THE USM-285 FORM, SUMMONS, COMPLAINT, INITIAL REVIEW ORDER, AND IFP (SEE DOCUMENT TITLED E-FILE USM SERVICE PAPERS SENT).

3. THE DEFENDANTS REPRESENTS (SPECIFICALLY ASSISTANT ATTORNEY GENERAL STEVEN R. STROM) THAT THE DELAY IN NOT FILING AN ANSWER OR MOTION TO DISMISS IS DUE TO "NOT NOTICING ONE OF HUNDREDS OF EMAILS THAT HAD MENTIONED, SOMETIME ON OR ABOUT JUNE 24, 2013, THAT AN EMAIL HAD BEEN SENT," "UNDERSIGNED (STEVEN R. STROM) COUNSEL WAS OUT OF THE OFFICE AT THAT TIME AND DID NOT SEE THE EMAIL".

THE PLAINTIFF ALLEGES THAT EVEN IF THE COURT BELIEVES THE DEFENDANTS REASON TO BE TRUE, THE COURT SHOULD NOT TAKE IT

4.

INTO ACCOUNT WHEN MAKING IT'S DECISION TO DENY OR GRANT THE PLAINTIFF'S MOTION FOR DEFAULT AND MOTION FOR DEFAULT JUDGMENT, BECAUSE THE DEFENDANTS KNEW THE COURT ORDERED THEM TO ANSWER OR HAVE AN MOTION TO DISMISS WITHIN 70 DAYS SINCE THE DATE OF JUNE 4, 2013 (SEE DOCUMENT USM-285 FORM). THIS MEANS THAT EVEN THOUGH THE DEFENDANT'S COUNSEL ALLEGES KNOWING NOTHING ABOUT THIS CIVIL MATTER UNTIL AUGUST 8, 2013, THEIR ARE FACTS THAT PROVE THE ATTORNEY GENERAL'S OFFICE WERE WELL AWARE OF ALL PENDING ORDERS BY THE COURT, AND THEREFORE SHOULD NOT BE EXCUSED BECAUSE OF A FAILURE TO ACT WITHIN THE LAW ON THEIR BEHALF, NOT THE PLAINTIFF'S.

4. THEY RAISE THE ISSUE OF THE PLAINTIFF SENDING THE DEFAULT ENTRY MOTION AND MOTION FOR DEFAULT JUDGMENT TO THE ATTORNEY GENERAL'S OFFICE AT 55 ELM ST, HARTFORD, CT, AND NOT TO 110 SHERMAN ST, HARTFORD, CT, SO NO PRIOR NOTICE OF A DEFAULT WAS RECEIVED BY THE DEFENDANTS, AND THE ENTRY OF DEFAULT WAS ENTERED WITHOUT

PROPER NOTICE.

THE PLAINTIFF ALLEGES THAT WHETHER THE MOTIONS WERE SENT TO 55 ELM ST, OR 110 SHERMAN ST IS A MOOT ISSUE, SIMPLY BECAUSE IT DOES NOT ERASE THE ISSUE OF THE DEFENDANTS IGNORING THE COURTS ORDER.

FURTHERMORE, IF THE COURT TAKES INTO ACCOUNT THE DEFENDANTS ALLEGING THERE WAS NEVER ANY RECEIVING OF THE PLAINTIFF'S MOTIONS BY THE DEFENDANTS, IT SHOULD NOT EXCUSE THE DEFENDANTS FROM THIS DEFAULT OR AT LEAST A HEARING TO DECIDE THIS DEFAULT BECAUSE THE DEFENDANTS ACKNOWLEDGE BECOMING AWARE OF THE ENTRY OF DEFAULT ON AUGUST 8, 2013, WHICH THE PLAINTIFF BELIEVES TO BE ANOTHER MOOT ISSUE BECAUSE IT DOES NOT BOALSTER THE DEFENDANTS REASONS FOR NOT COMPLYING WITH THE JUDGES ORDERS TO FILE AN ANSWER OR MOTION TO DISMISS WITHIN 70 DAYS, THE DEFENDANT ARE STILL IN DEFAULT.

5. THE DEFENDANTS RAISE THE ESTABLISHED

CRITERIA OUTLINED BY THE SECOND CIRCUIT COURT IN 1983 IN REGARDS TO HOW THIS COURT SHOULD RULE UPON A REQUEST FOR RELIEF FROM A DEFAULT. THE DEFENDANT RAISE THREE CRITERIAS. FIRST, WHETHER OR NOT THE DEFAULT WAS WILLFUL. SECOND, WHETHER OR NOT PREJUDICE TO THE NON-DEFAULTING PARTY HAS BEEN CAUSED. THIRD, WHETHER OR NOT THE DEFENDANTS HAVE A MERITORIOUS DEFENSE TO THE CASE.

THE PLAINTIFF ALLEGES THAT THE DEFENDANTS FAIL TO MEET THE FIRST CRITERIA, BECAUSE THE DEFENDANTS KNEW WHEN THE COURT'S ORDERS WERE DUE AND THE DEFENDANTS DO NOT RAISE ANY CLAIM THAT ANY ACTION WAS TAKEN BY THEM TO MEET THE COURT'S ORDER. FURTHERMORE, THE ATTORNEY GENERAL'S OFFICE WERE AWARE OF THE COURT'S ORDER, AND ALSO OF THE FACT THAT NO ACTION WAS BEING TAKEN ON THE DEFENDANTS' BEHALF BY THE ATTORNEY GENERAL'S OFFICE, THIS AMOUNTS TO A WILLFUL ACT.

THE PLAINTIFF ALLEGES THAT THE DEFENDANTS FAIL TO MEET THE SECOND CRITERIA, BECAUSE IT IS NOT MERELY THE DELAY ON BEHALF OF

7

THE DEFENDANTS THAT WOULD PREJUDICE THE PLAINTIFF. IT IS THE FACT THAT THE PLAINTIFF SHOULD NOT BE PUNISHED FOR THE UNPROFFESSIONALISM OF THE DEFENDANTS AND THE ATTORNEY GENERAL'S OFFICE. IT IS ALSO THE FACT THAT WHILE THE DEFENDANTS DID NOT ATTEMPT TO ASK THE COURT FOR AN EXTENSION OF TIME, NOR MAKE THE COURT AWARE THEY COULD NOT FILE A TIMELY ANSWER OR MOTION TO DISMISS, THEY SAT IDLY BY WHILE THE PLAINTIFF STILL SUFFERS THE DENIAL OF HIS RELIGIOUS RIGHTS AND IS STILL REFUSING FOOD NOT APPROPRIATE BASED ON DIETARY LAWS OF RELIGION.

THE PLAINTIFF ALLEGES THAT THE DEFENDANTS FAIL TO MEET THE THIRD CRITERIA, BECAUSE THE DEFENDANTS HAD REASONABLE TIME TO FILE A MOTION TO DISMISS IF THE DEFENDANT FELT THEY HAD MERITORIOUS DEFENSES, THIS IS THE PURPOSE OF THE JUDGES ORDERS. THE DEFENDANTS STATES THAT A NUMBER OF THE PLAINTIFF'S CLAIMS ARE IMPLAUSIBLE DUE TO THE FACT THAT ONE OR MORE OF THE DEFENDANTS HAD RETIRED AND HAD NO PERSONAL INVOLVEMENT. THE PLAINTIFF DISAGREES WITH THE DEFENDANTS

ABOUT ONE OR MORE OF THE DEFENDANTS BEING RETIRED AND HAVING NO PERSONAL INVOLVEMENT, AND THE PLAINTIFF FURTHER REPRESENTS THAT THE DEFENDANTS ARE ATTEMPTING TO MISLEAD THE COURT BY STATING SUCH A FALSE AND MINUTE DEFENSE, CERTAINLY SHORT OF BEING DEEMED MERITORIOUS.

FOR THESE REASON THE PLAINTIFF BELIEVES THE DEFENDANTS DOES NOT MEET THE CRITERIAS THEY PRESENT IN THEIR MOTION TO SET ASIDE DEFAULT ENTRY.

6. THE PLAINTIFF MAINTAINS THAT THE INADVERTENT ADMINISTRATIVE DELAYS IN OPENING THE CASE FILE DUE TO MISCOMMUNICATIONS, THE OVERSIGHT OF NOT REVIEWING EMAIL, AND STAFF SHORTAGES, ALL ALLEGED BY THE DEFENDANTS, DO NOT FACTOR INTO INTO THE REASON OF NOT FILING THE ANSWER OR MOTION TO DISMISS BECAUSE THE DEFENDANTS AS WELL AS THE ATTORNEY GENERAL'S OFFICE KNEW WHAT THE JUDGES DEADLINE WAS AND SHOULD HAVE ACTED ON THE FAILURE OF STEVEN R. STROM TO MAKE SURE THEY WERE NOT IN DEFAULT.

IN CONCLUSION, BASED ON THE FOREGOING FACTS THE PLAINTIFF ASKS THIS COURT TO DENY THE DEFENDANTS MOTION TO SET ASIDE THE PLAINTIFF'S ENTRY OF DEFAULT AND MOTION FOR DEFAULT ENTRY, AND GRANT THE PLAINTIFF'S MOTIONS.

                PRO SE PLAINTIFF
                LAZALE D. ASHBY
                287 BILTON RD
                SOMERS, CT 06071
                N.C.I.

CERTIFICATION

I HEREBY CERTIFY THAT ON AUGUST ,2013 A COPY OF THE FOREGOING WAS MAILED TO ASSISTANT ATTORNEY GENERAL, STEVEN R STROM, AT 110 SHERMAN STREET, HARTFORD, CT 06105. A COPY OF THE FOREGOING WAS E-FILED TO:
OFFICE OF THE CLERK
U.S. DISTRICT COURT
915 LAFAYETTE BLVD
BRIDGEPORT, CT 06604

LAZALE D. ASHBY
PRO SE PLAINTIFF
287 BILTON RD
SOMERS, CT 06071
N.C.I.

ORDER

THE ABOVE MOTION IS HEREBY, DENIED/ GRANTED. SO ORDERED.

DATE: _____

_____
UNITED STATES JUDGE