UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAZALE ASHBY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:13-cv-223 (SRU) |
| | : | |
| LEO ARNONE, et al., | : | |
|     Defendants. | : | |

RULING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION [Doc. #20]

    Plaintiff Lazale Ashby has filed a motion seeking a preliminary injunction ordering that the defendants provide him a diet appropriate to his religious dietary requirements. For the reasons that follow, the plaintiff's motion is denied.

I.    Standard of Review

    Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and citation omitted). Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

    To obtain preliminary injunctive relief, the moving party must establish "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of

hardships tipping decidedly in favor of the moving party." *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks and citation omitted), *cert. denied*, 131 S. Ct. 415 (2010). Although a showing that the plaintiff will suffer irreparable injury before a decision on the merits of the claim can be reached is insufficient, standing alone, to warrant preliminary injunctive relief, it is the most significant condition that must be demonstrated. *See Daniels v. Murphy*, 3:11cv286 (SRU), 2012 WL 5463072 (D. Conn. Nov. 8, 2012).

If a party seeks a mandatory injunction, *i.e*, an injunction that alters the status quo by commanding the defendant to perform a positive act, he must meet a higher standard. "[I]n addition to demonstrating irreparable harm, '[t]he moving party must make a clear or substantial showing of a likelihood of success' on the merits, . . . a standard especially appropriate when a preliminary injunction is sought against government." *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (citations omitted). Questionable claims would not meet the likelihood of success requirement. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 340 (1999). Here, Ashby seeks to change the status quo by obtaining a special diet. Thus, he must meet this higher standard.

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., *Moore's Federal Practice* ¶ 65.04[3] (2d ed. 1995). Upon review of the record, oral testimony and argument are not necessary in this case.

II.     Analysis

Ashby seeks a diet that accommodates his religious beliefs. He does not specify his religious dietary requirements in this motion or in his complaint. In an Inmate Request attached to the complaint, Ashby states: "Due to my religion (Universalism) I can no longer consume the following: meats that are 'unified' meaning killed in the name of my god. I cannot eat corn kernal, solanum tuberosum (potato) or glycinemax (soybean)." Doc. #1 at 15. In another request, he states that he requires a diet without "potato, soy, cabbage and corn kernal." Doc. #1 at 20.

The plaintiff has provided no evidence to support his allegation that Universalism requires him to refrain from eating certain foods. The defendants have consulted religious experts and scholarly research and can identify no such requirement for Universalism in general or Unitarian Universalism, one of the largest Universalist organizations in America, in particular. At this time, it does not appear that the plaintiff is likely to prevail on any claim for a special religious diet. Thus, preliminary injunctive relief is not warranted.

In addition, even if the plaintiff could support his claim, providing the specific diet requested by each inmate is not required. For example, Rastafarians observe a diet which varies among individuals and Rastafarian sects. The Second Circuit upheld the district court's denial of the Rastafarian dietary claim and noted that "the varied individual practices 'would impose undue financial and administrative burdens on defendants.'" *Benjamin v. Coughlin*, 905 F.2d 571, 579 (2d Cir.), *cert. denied*, 498 U.S. 951 (1990). *See also Williams v. Morton*, 343 F.3d 212 (3d Cir. 2003) (denying inmate request for Halal meats for reasons of budget and security and to simplify food service); *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1998) ("prisons need not

3

respond to particularized religious diets").

III.     Conclusion

The plaintiff's motion for preliminary injunction and temporary restraining order [**Doc. #20**] is **DENIED**.

**SO ORDERED** this 15th day of October 2013 at Bridgeport, Connecticut.

                                           /s/ Stefan R. Underhill
                                           Stefan R. Underhill
                                           United States District Judge